UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JAMIL RASUL BEY,

    Petitioner,

    v.                                      Civil Action No. 21-12046-ADB

MIDDLESEX HOUSE OF CORRECTION,

    Respondent.

ORDER

BURROUGHS, D.J.

    State pretrial detainee Jamil Rasul Bey, who identifies himself as a member of the "Moorish Militia," has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") and a motion for leave to proceed *in forma pauperis*. The petition has not been served pending the Court's review of the pleading. *See* 28 U.S.C. § 2243 (providing that, if "it appears from the application [for a writ of habeas corpus] that the applicant . . . is not entitled [to the writ]," the district court is not required to order the respondent "to show cause why the writ [of habeas corpus] should not be granted"). For the reasons set forth below, the Court will DENY the Petition without prejudice.

    Bey objects to an order of a Massachusetts Superior Court that he be detained pending the state's criminal prosecution against him. His claim that his pretrial detention is unlawful rests on four grounds:

    1.    GROUND ONE:

Violation of my aboriginal human and unalienable birthrights to a nationality and self determination, violation of my rights to a vizier of my national state where their public defender forced upon me further prolong the unlawful detention of body.

> 2.  GROUND TWO:
>
> Denationalizing me to force jurisdiction over my body where no crime or injured party who is a citizen or subject of the United States exists or property damage.
>
> 3.  GROUND THREE:
>
> Violating my inalienable rights to travel freely in my natural habit secure in my papers and effects based on stereotypes and discrimination and unfounded opinions.
>
> 4.  GROUND FOUR:
>
> Detention of my body under threat duress and coercion passed 190 days with no injured party or probably cause for arrest nor crime exists and my right to be heard is being denied.

Pet. at 8 (spelling standardized).

The Court will abstain from exercising jurisdiction over this action to avoid interfering with a state criminal proceeding.  "Abstention is a devise designed to facilitate the side-by-side operation of federal and state courts, balancing their respective interests in the spirit of comity." *Coggeshall v. Mass. Bd. of Registration of Psychologists*, 604 F.3d 658, 664 (1st Cir. 2010). "Except in the most extraordinary cases, a federal court must presume that state courts, consistent with the imperatives of the Supremacy Clause, *see* U.S. Const. art. VI, are fully competent to adjudicate federal constitutional and statutory claims properly presented by the parties." *Casa Marie, Inc. v. Super. Ct.*, 988 F.2d 252, 262 (1st Cir. 1993) (footnote omitted). Under *Younger* abstention, *see Younger v. Harris*, 401 U.S. 37 (1971), "a federal court must abstain from hearing a case if doing so would 'needlessly inject' the federal court into ongoing state proceedings." *Coggeshall*, 604 F.3d at 664 (quoting *Brooks v. N.H. Supreme Ct.*, 80 F.3d 633, 637 (1st Cir. 1996)).  *Younger* abstention is even appropriate where litigants "claim violations of important federal rights," *In re Justices of Superior Ct. Dept. of Mass. Trial Ct.*, 218 F.3d 11, 17 (1st Cir. 2000), as long as the federal claims can be "raised and resolved *somewhere*

in the state process," *Maymó-Meléndez v. Álvarez-Ramírez*, 364 F.3d 27, 36 (1st Cir. 2004) (emphasis added).

Here, the Court would "needlessly inject" itself in a pending state criminal proceeding if it were to consider Bey's Petition. The Court has no reason to believe that Bey cannot raise all pertinent issues somewhere within the state court system.

Accordingly, for the reasons set forth above, the Petition is <u>DENIED</u> without prejudice. The motion to proceed *in forma pauperis* shall be terminated as moot.

    IT IS SO ORDERED.

| | |
|---|---|
| 12/15/2021 | /s/ Allison D. Burroughs |
| DATE | UNITED STATES DISTRICT JUDGE |